BADT v. MILLER et al.

(Supreme Court, Appellate Division, First Department. May 3, 1912.)

BILLS AND NOTES (§ 469\*)—ACTIONS—PLEADING—SUFFICIENCY.

    A complaint in an action on a note against an indorser, which alleges due notice of dishonor to the indorser, is sufficient, without an allegation that notice of presentment, dishonor, and protest was given to the maker.

    [Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1494–1502; Dec. Dig. § 469.\*]

Appeal from Special Term, New York County.

Action by Edward Badt against Thompson W. Miller and others. From an order sustaining a demurrer to the complaint, plaintiff appeals. Reversed, and judgment for plaintiff on the pleadings granted.

Argued before INGRAHAM, P. J., and LAUGHLIN, SCOTT, MILLER, and DOWLING, JJ.

William Badt, of New York City, for appellant.

MILLER, J. The complaint alleges the making of a promissory note by the defendant Daniel J. Meyer to the order of, and its delivery for value to, the defendant John J. Carroll; the indorsement thereof by the defendants Marguerita T. Meyer and Fred C. Meyer before

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

delivery, for the purpose of giving credit with the payee; the successive indorsements in blank and delivery of the note for value and before maturity by John J. Carroll, Thompson W. Miller, the respondent, and John Schorling, respectively; that before maturity and for value the note came into the possession of Marcus Badt; that at maturity the note was presented at the place designated therein; that payment was demanded and refused, whereupon the note was duly protested for nonpayment, due notice thereof given to the defendants Marguerita T. Meyer, Fred C. Meyer, John J. Carroll, Thompson W. Miller, and John Schorling; and that before the commencement of the action the cause of action for a lawful consideration was duly assigned by the said Marcus Badt to the plaintiff.

No opinion was written by the learned justice at Special Term, and the respondent neither by oral argument nor by written brief attempted to support the order on this appeal. It is stated in the brief of the appellant that the only point urged by the respondent at the Special Term was that the complaint was bad for the failure to allege notice of presentment, dishonor, and protest to the maker; but, of course, that is not required even to charge the maker, let alone an indorser to whom due notice was given. We think the complaint states a cause of action.

The order should therefore be reversed, with $10 costs and disbursements, and the plaintiff's motion for judgment and upon the pleadings granted, with $10 costs. All concur.

---

MUTUAL LIFE INS. CO. OF NEW YORK v. POLHEMUS et al.

(Supreme Court, Appellate Term.   May 9, 1912.).

1. PARTNERSHIP (§ 279*)—DISSOLUTION—LIABILITY OF PARTNERS.
    Where a partner retires from a firm, in the absence of evidence of the terms of the dissolution and of the assumption of the firm obligations by the continuing partner, and of notice thereof brought to the knowledge of the creditors of the firm, the retiring partner is not relieved of his liability as principal debtor on a lease of the firm, and does not acquire the relationship of surety.
    [Ed. Note.—For other cases, see Partnership, Cent. Dig. §§ 636, 637; Dec. Dig. § 279.*]

2. EVIDENCE (§ 471*)—OPINION EVIDENCE—CONCLUSION OF WITNESS.
    The testimony of a retiring partner that the continuing partner assumed obligations under a lease with the firm was objectionable as a conclusion, and was insufficient to relieve the retiring partner from his obligations under the lease.
    [Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2149–2185; Dec. Dig. § 471.*]

Appeal from City Court of New York, Trial Term.